IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL HAMBRIGHT, )<br>and HOLLY SMITH, )<br>)<br>Defendants. ) | 8:05CR254<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE** |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief (Filing No. 47). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into Plea Agreements, whereby they have agreed to plead guilty to Counts I and II of the Informations filed herein. Count I of each Information charges the Defendants, respectively, with possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a) and (b)(1). Count II of each Information charges the Defendants, respectively, with using $2,305.00 and $283.00 in United States currency to facilitate the commission of the controlled substance violation and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 47) is hereby sustained.

B. Based upon Count II of the Informations and the Defendants' pleas of guilty, the United States Bureau of Alcohol, Tobacco and Firearms for the District of Nebraska ("ATF") is hereby authorized to seize the following-described properties:  $2,305.00 and $283.00 in United States

currency

C. The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the ATF in their secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the ATF forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the ATF's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the

nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

      G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

      H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

      ORDERED this 29th day of November, 2005.

                                                  BY THE COURT:

                                                  s/Laurie Smith Camp
                                                  United States District Judge